**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------
AURELIO LEWIS
on behalf of himself and all others similarly situated,

Plaintiff,

v.

RNYK LLC d/b/a J&R MUSIC WORLD, a/k/a J&R COMPUTER WORLD, a/k/a J&R EXRESS, a/k/a J&R; J & R ELECTRONICS INC. d/b/a J&R MUSIC WORLD, a/k/a J&R COMPUTER WORLD, a/k/a J&R EXRESS, a/k/a, J&R; and CUPOLA APTS, LLC

Defendants.
----------------------------------------------------------------

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Aurelio Lewis ("Plaintiff") on behalf of himself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against J & R Electronics Inc. d/b/a J&R Music World, a/k/a J&R Computer World, a/k/a J&R Express, a/k/a, J&R; RNYK LLC d/b/a J&R Music World, a/k/a J&R Computer World, a/k/a J&R Express, a/k/a J&R; and Cupola Apts, LLC; ("Defendants") by and through his counsel allege as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendants as a single employer of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act") and 90 days advance written notice of their terminations by Defendants as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") §860 *et seq*. (collectively, the "WARN Acts").

Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendant, RNYK LLC ("RNYK"), pursuant to the WARN Acts' single employer rule, J & R Electronics Inc. ("J & R") and Cupola Apts, LLC ("Cupola"), (collectively the "Defendants") were also the Plaintiff's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by the Defendants on or about January 10, 2014 through April 10, 2014. The Defendants violated the WARN Acts by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act and 90 days advance written notice as required by the NY WARN Act. As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Acts to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violations of the WARN Act alleged herein occurred in this District and more particularly in New York, NY. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5) and NYLL§860-G (7)

**THE PARTIES**

4. Upon information and belief, at all relevant times, Defendant RNYK was a Delaware corporation authorized to do business in New York, with a facility located at 15 Park Row New York, NY 10038 (the "Facility").

5. Upon information and belief, at all relevant times, Defendant J & R was a New York corporation under the laws of the State of New York.

6. Upon information and belief, at all relevant times, Defendant Cupola was a New York corporation under the laws of the State of New York.

7. Defendants jointly maintained, owned, and operated the Facility

8. Plaintiff and the Other Similarly Situated Employees were employed by Defendants at the Facility until their termination without cause on or about January 10, 2014 through April 10, 2014 at which time Defendants ordered a plant closing of the Facility.

9. Plaintiff was employed by Defendants, as a single employer, at the Facility until his layoff without cause on or about April 10, 2014.

10. Upon information and belief, approximately 100 persons were employed at the Facility by Defendants until their termination without cause on or about January 10, 2014 through April 10, 2014.

11. Upon information and belief, Defendants, as a single employer, owned and operated the Facility until on or about April 10, 2014.

12. On or about January 10, 2014 through April 10, 2014, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facility as part of a plant closing as defined by the WARN Acts for which they were entitled to receive 60 days advance written notice under the WARN Act and 90 days advance written notice as required by the NY WARN Act.

## SINGLE EMPLOYER ALLEGATIONS

### Common Ownership

13. Upon information and belief, RNYK was directly or indirectly wholly owned and operated by Rochelle Friedman, Joseph Friedman and Jason Friedman.

14. Upon information and belief, J & R was directly or indirectly wholly owned and operated by Rochelle Friedman, Joseph Friedman and Jason Friedman.

15. Upon information and belief, Cupola was directly or indirectly wholly owned and operated by Rochelle Friedman and Joseph Friedman.

**Common Directors and Officers**

16. Upon information and belief, at all relevant times, the Defendants shared common officers and directors, in that RNYK and Cupola's officers and directors were the officers and directors of J & R.

17. Specifically, upon information and belief, at all relevant times, Rochelle Friedman was the President of J & R, RNYK and Cupola.

18. Upon information and belief, at all relevant times, Joseph Friedman was a managing member of J & R, RNYK and Cupola.

19. Upon information and belief, at all relevant times, Jason Friedman was a managing member of J & R and RNYK.

**De Facto Control**

20. Upon information and belief, none of the Defendants maintained a board of directors and none of the Defendants conducted board meetings at which minutes were kept. Instead, all decisions were made directly by Rochelle Friedman and Joseph Friedman who controlled all of the Defendants and used each of them for their own personal benefit.

21. Upon information and belief, at all times relevant hereto, Joseph Friedman and Rochelle Friedman maintained sole control over all business decisions made by J & R, RNYK and Cupola, including decisions relating to Plaintiff's and the Class' employment and specifically, the decision to shut down the Facility without providing WARN notice.

22. Upon information and belief, the decision to shut down the Facility was made by Rochelle Friedman and Joseph Friedman in order to enrich Cupola and themselves by allowing the valuable New York real estate upon which the Facility was situated to be developed for commercial use.

**Dependency of Operations**

23. Upon information and belief, RNYK was created by Joseph Friedman and Rochelle Friedman in 2013 as a wholly owned subsidiary of J & R in or about 2013.

24. Upon information and belief, at all relevant times, RNYK was completely dependent on J & R for operating funds either directly or through financing arranged by J & R.

25. Upon information and belief, each of the Defendants shared the same location as J & R, RNYK and Cupola's principal places of business were all located at the Facility.

**Unity of Personnel Policies**

26. Upon information and belief, the decision to order a plant closing without providing a WARN notice was made by Joseph and Rochelle Friedman on behalf of, and to benefit, each of the Defendants and themselves.

**FEDERAL WARN CLASS ACTION ALLEGATIONS**

27. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

28. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

29. Defendants, as a single employer, were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

30. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

31. Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

**FEDERAL WARN ACT CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

32. The Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the Other Similarly Situated Employees who worked at the Facility and were terminated as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendants, as a single employer, on or about January 10, 2014 through April 10, 2014 ("the "Class").

33. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

34. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

35. The claims of the representative party is typical of the claims of the Class.

36. The representative party will fairly and adequately protect the interests of the class.

37. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

39. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendants who worked at or reported to the Facility;

(b) Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendants may rely the WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether Defendants' failure to provide 60 days notice should render them liable to the Class Members for 60 days pay and benefits.

**NEW YORK WARN ACT CLASS ALLEGATIONS**

40. Pursuant to NYLL § 860-g (7) the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

41. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiff in respect to his or her rights under the NY WARN Act.

42. Defendants were required by the NY WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 90 days advance written notice prior to their terminations.

43. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the NY WARN Act.

44. Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

**NEW YORK WARN ACT CLASS ACTION ALLEGATIONS RULE 23 (a) and (b)**

45. The Plaintiff brings this action on his own behalf and, pursuant to C.P.L.R. Article 9, NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b) on behalf of the other employees who worked at the Facility and were terminated as part of a plant closing ordered by the Defendant at the Facility on or about January 10, 2014 through April 10, 2014 ("the "NY WARN Class").

46. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all Class Members is impracticable.

47. There are questions of law and fact common to the NY WARN Class Members that predominate over any questions affecting only individual members.

48. The claims of the representative parties are typical of the claims of the NY WARN Class Members.

49. The representative parties will fairly and adequately protect the interests of the NY WARN Class Members.

50. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of NY WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

52. There are questions of law and fact common to the NY WARN Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the NY WARN Class Members were employees of the Defendants who worked at or reported to the Facility;

(b) Whether Defendants terminated the employment of the NY WARN Class Members as part of a mass layoff without cause on their part and without giving them 90 days advance written notice;

(c) Whether the Defendants may rely on the NY WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether Defendants' failure to provide 90 days' notice should render it liable to the NY WARN Class Members for 60 days' pay and benefits.

## **CLAIM FOR RELIEF**

## **Violation of the WARN Act, 29 U.S.C. § 2104**

53. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Facility.

54. At all relevant times, each of the Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

55. On or about January 10, 2014 through April 10, 2014, the Defendants, as a single employer, ordered the "plant closing" of the Facility as that term is defined by 29 U.S.C. § 2101(a).

56. The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering the plant closing at the Facility on or about January 10, 2014 through April 10, 2014 were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

57. The plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

58. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

59. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

60. Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

61. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

62. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**Violation of the NY WARN Act §860 *et seq.***

63. At all relevant times, Defendants employed 50 or more employees, exclusive of part-time employees, or employed 50 or more employees who in the aggregate worked at least 2,000 hours per week exclusive of hours of overtime within New York State as defined by the NY WARN Act and employed more than 25 employees at the Facility.

64. At all relevant times, each of the Defendants were an "employer," as that term is defined in NYLL § 860-a (3) of the NY WARN Act.

65. On or about January 10, 2014 through April 10, 2014, the Defendants ordered a "plant closing" at the Facility as that term is defined by NYLL § 860-a (6).

66. The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering a plant closing at the Facility on or about January 10, 2014

through April 10, 2014 were "affected employees" as defined by NYLL § 860-a (1) of the NY WARN Act.

67. The plant closing at the Facility resulted in "employment losses," as that term is defined by the NY WARN Act for at least twenty-five (25) of Defendants' employees as well as 33% of Defendants' workforce at the Facility, excluding "part-time employees," as that term is defined by the NY WARN Act.

68. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in NYLL § 860-g (7).

69. Pursuant to NYLL § 860-b Defendants were required to provide at least 90 days prior written notice of the terminations.

70. Defendants failed to provide at least ninety (90) days prior notice to the Class Members of their terminations.

71. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

72. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendants as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Acts, 29 U.S.C §2104(a)(5), NYLL §860 *et seq.*, Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiff as the Class Representatives and payment of reasonable compensation for his services as such,

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Acts, 29 U.S.C. §2104(a)(6), NYLL §860-g (7).

g. Such other and further relief as this Court may deem just and proper.

Dated: July 16, 2018 BY: ___/s/ Stuart J. Miller___________

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100

New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
(251) 433-8100 (main)
(251) 434-8260 (direct)
(251) 433-8181 (fax)

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
4605 Cass Ave.
Detroit, Michigan 48201
P: (313) 993-4505

*Attorneys for Plaintiff*