IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AURELIO LEWIS, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>J & R ELECTRONICS INC. D/B/A J&R MUSIC WORLD, A/K/A J&R COMPUTER WORLD, A/K/A J&R EXPRESS, A/K/A, J&R; RNYK LLC D/B/A J&R MUSIC WORLD,     A/K/A J&R COMPUTER WORLD, A/K/A J&R EXPRESS, A/K/A J&R; PARK ROW REALTY, L.P. AND PARK ALLEY REALTY,<br><br>Defendants. | Case No. 1:18-cv-06422-CM |

**JOINT MOTION FOR ORDER (1) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT; (2) APPROVING FORM AND MANNER OF NOTICE TO THE SETTLEMENT CLASS; (3) SCHEDULING A FINAL FAIRNESS HEARING FOR THE FINAL CONSIDERATION AND APPROVAL OF THE SETTLEMENT AND (4) <u>FINALLY APPROVING THE SETTLEMENT</u>**

Aurelio Lewis (the "Named Plaintiff" or "Class Representative") on behalf of himself and on behalf of the individuals named on Exhibit A[1] to the Settlement Agreement (the "Settlement Class") and J & R Electronics Inc. d/b/a J&R Music World, a/k/a J&R Computer World, a/k/a J&R Express, a/k/a, J&R; RNYK LLC d/b/a J&R Music World, a/k/a J&R Computer World, a/k/a J&R Express, a/k/a J&R; Park Row Realty, L.P. and Park Alley Realty Corp. (collectively, the "Defendants"), sometimes collectively referred to herein as the "Parties," by and through their respective counsel of record, submit this Joint Motion for an Order (1)

---

[1] The Parties are seeking to file Exhibit A to the Settlement Agreement under seal for the reasons set forth in the Motion to Seal, filed contemporaneously with this Joint Motion.

Preliminarily Approving the Settlement Agreement between Class Representative on behalf of himself and on behalf of the Settlement Class and Defendants; (2) Approving the Form and Manner of Notice to Settlement Class; (3) Scheduling a Final Fairness Hearing for the final consideration and approval of the Settlement Agreement; and (4) Finally Approving the Settlement Agreement (the "Joint Motion"). In support of their Joint Motion, the Parties respectfully submit the following:

## Jurisdiction

1.  This Court has jurisdiction over this Joint Motion under 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5). Venue of this proceeding and this Joint Motion is proper in this district pursuant to 29 U.S.C. § 2104(a)(5).

## Background

2.  On or about July 16, 2018, and as amended thereafter, the Class Representative filed a Class Action Complaint and Jury Demand against Defendants (the "Complaint"). The Complaint alleges a Rule 23 class claim asserting that the Defendants violated the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 (the "WARN Act") and New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") §860 *et seq.* (collectively, the "WARN Acts") under a "single employer" theory of liability (the "WARN Act Litigation"). The Complaint alleges that Defendants, as a single employer, employed more than 100 employees who worked at least 4,000 hours per week within the United States; and that Defendants effected a "mass layoff" or "plant closing", as defined in the WARN Act, at the facility located on Park Row, New York,

NY 10038 (the "Facility") that resulted in the loss of employment for at least 50 employees and at least 33% of the employees of the Facility, excluding Part-Time Employees.

3.  The Complaint further alleges that the Class Representative and the other similarly-situated former employees suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing and are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendants the advance written notice, as required by the WARN Acts; and that the Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Acts. The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23.

4.  J & R Electronics Inc. d/b/a J&R Music World, a/k/a J&R Computer World, a/k/a J&R Express, a/k/a, J&R; RNYK LLC d/b/a J&R Music World, a/k/a J&R Computer World, a/k/a J&R Express, a/k/a J&R (sometimes referred to herein as "J & R" and "RNYK") contend in their answer to the Complaint that they were not the employer of Plaintiff or any of the putative class members, much less a single employer. J & R and RNYK contend they did not violate the WARN Acts. J & R and RNYK further contend that even if they are found to be a single employer with a duty to provide WARN notice, the "unforeseeable business circumstances" and "faltering company" exceptions to WARN apply. J & R and RNYK contend that they believed in good faith that their acts and/or omissions did not violate the WARN Act, and as such, any liability or penalty assessed against J & R and RNYK under the WARN Acts should be reduced. J & R and RNYK also contend that amounts paid to the class of employees terminated after the plant closing covers the 60 days lost wages in whole or in part.

5.  Park Row Realty, L.P. and Park Alley Realty Corp. (collectively, the "Real Estate Defendants") have not yet filed a responsive pleading in this matter. The Parties instead agreed

to extensions of the deadline to do so in order to hold an early mediation in this matter, and these agreements were endorsed by the Court.

6. Counsel for the Class Representative and Defendants disagree as to whether Defendants have any obligation or liability under the WARN Acts with respect to the claims asserted in the Complaint.

7. The Parties mediated the claims raised in the Complaint on January 16, 2019 before the Honorable Diane Welsh (retired), a former United States Magistrate Judge in the Eastern District of Pennsylvania. As part of the mediation process, the Parties exchanged position statements and other documents. As a result of the negotiations at the mediation and in an attempt to avoid further costly litigation and the uncertainties and risks associated therewith, the Parties have agreed to enter into a Settlement Agreement (a copy of which is attached hereto as Exhibit 1), which includes certification of a proposed Settlement Class.

## Class Certification

8. Class certification pursuant to Fed. R. Civ. P. 23 requires that each of the four prerequisites for certification, namely Fed. R. Civ. P. 23 (a)(1), (2), (3) and (4) be met and, in addition, that at least one of the conditions set forth in subparts of Fed. R. Civ. P 23(b), namely 23(b)(1)(A), 23(b)(1)(B)(2) or 23(b)(3), be satisfied. Here, the proposed class, for settlement purposes only, consists of 60 individuals listed on Exhibit A to the Settlement Agreement, who worked at the Facility and were terminated, as a result of the plant closing on or about April 8, 2014, and who did not receive a voluntary payment from one or more Defendants on or after April 8, 2014 that amounted to sixty or more days of pay (the "Settlement Class"). The Parties

have agreed for the purposes of settlement only,[2] that all the prerequisites for certification of the proposed Settlement Class are present, as set forth below.

(a) **Numerosity**: For purposes of the Settlement only, the Parties agree that the numerosity factor of Fed. R. Civ. P. 23(a)(1) is met because the proposed Settlement Class numbers 60 former employees, making joinder impracticable.

(b) **Commonality:** For purposes of the Settlement only, the Parties agree that common questions of law and fact are applicable to each Settlement Class member, namely, 1) whether a plant closing or mass layoff occurred as defined in the WARN Acts; 2) whether Defendants were a "single employer"; 3) whether Defendants were excused from the 60-day notice requirement under the WARN Acts; and (4) whether the Defendants were obligated to pay the class members sixty days' pay and benefits. In short, the Parties agree for purposes of the Settlement only that the Settlement Class Members' claims raise nearly identical issues regarding the circumstances surrounding their layoffs and, thus, the alleged violations of the WARN Acts.

(c) **Typicality**: For purposes of the Settlement only, the Parties agree that the typicality factor of Fed. R. Civ. P. 23(a)(3) is met here as "the claims . . . of [Plaintiffs who are] the representative parties [are] typical of the claims

---

[2] Defendants do not concede that certification is appropriate outside of this settlement and preserve all rights to oppose certification if, for any reason, the settlement does not become effective.

> . . . of the class." The Class Representative has the same claim based on the same facts as the other proposed Settlement Class Members.

    (d)  **Adequacy of Class Representative:** For purposes of the Settlement only, the Parties agree that the adequacy factor of Fed. R. Civ. P. 23(a)(4) is also met. The Class Representative has - and will continue to - diligently prosecute this action, has no conflict of interest with the other proposed Settlement Class Members, and has - and will continue to -diligently prosecute, represent and protect the interests of the proposed Settlement Class. In addition, the Class Representative has engaged counsel, namely Lankenau & Miller LLP and The Gardner Firm, PC, which have, between them, have been appointed as class counsel in excess of one hundred (100) WARN Act actions.

9. For purposes of the Settlement only, the Parties agree that the proposed Settlement Class also meets the requirements of Fed. R. Civ. P.23(b)(2). Common questions of law and fact that affect all members of the proposed Settlement Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy for the following reasons:

    (a)  No proposed Settlement Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

    (b)  No other litigation concerning the WARN Act rights of any proposed Settlement Class member is currently pending to the Parties' knowledge.

    (c)  Concentrating all potential litigation concerning the WARN Act rights of the proposed Settlement Class Members in this Court will avoid a

   (d) Administration of this action as a class action will not be complicated or difficult because the names and addresses of the proposed Settlement Class Members and their addresses have been established from available records unless otherwise instructed by the proposed Settlement Class member or as updated through the efforts of Class Counsel or the Settlement Administrator.

 10. For the foregoing reasons, the Parties seek a Court order certifying this case as a class action for settlement purposes only as to the WARN Act claims of the proposed Settlement Class Members, and appointing Lankenau & Miller, LLP and The Gardner Firm, P.C. as class counsel and appointing Aurelio Lewis as the Class Representative.

## The Settlement

 11. The Class Representative and the Defendants ask the Court to approve the Settlement Agreement, for the following reasons:

   (a) The Settlement Agreement reflects the result of arms' length, good faith negotiations culminating in a formal mediation.

   (b) The Settlement Agreement reflects the recognition by the Parties that there are significant, complex issues regarding the application of the WARN Acts, and the various cases and regulations interpreting the WARN Acts to the facts of the case. In this regard, the Class Representative and the Defendants disagree as to whether the Defendants had any obligation or

liability under the WARN Acts with respect to the proposed Settlement Class Members' claims. If the Named Plaintiffs were successful in the litigation, however, they could have a claim against the Defendant for more than $300,000.

(c) To avoid extensive, costly litigation over these issues, the Class Representative and the Defendants, through their respective counsel, engaged in significant negotiations regarding a possible consensual resolution of this litigation.

(d) As a result of the Parties' negotiations, and as fully set forth in the Settlement Agreement, the Class Representative and the Defendants wish to fully and finally compromise, settle and resolve any and all demands, claims, damages and causes of action, present or future, relating to the WARN Acts, of the Class Representative and the other proposed Settlement Class Members on the terms and conditions of the Settlement Agreement.

(e) The Parties agree to the certification of the Settlement Class.

(f) Aurelio Lewis shall be named as Class Representative and Lankenau & Miller, LLP and The Gardner Firm, P.C. are appointed Class Counsel.

(g) Pursuant to the terms of the Settlement Agreement, the Settlement Amount is $115,000.00, unless reduced by any Opt-out's Net Settlement Claim Amount (as defined in the Settlement Agreement).

(h) The Settlement Agreement shall become effective upon the date that the time for taking an appeal of the Final Settlement Order has expired or, in

the event an appeal has been taken, the day the Final Settlement Order is affirmed with no further right of appeal (the "Effective Date").

(i) The Settlement Amount shall be paid by Defendant by wire transfer to the Qualified Settlement Fund (as defined in the Settlement Agreement) within 15 business days of the Effective Date.

(j) Class Counsel shall retain a third party settlement administrator (the "Settlement Administrator") to distribute the Settlement Amount, once received, through a Qualified Settlement Fund, as set forth in the Settlement Agreement.

(k) The fees and costs of the Settlement Administrator shall be paid from the Settlement Amount as part of Class Counsel's Expenses (as defined in the Settlement Agreement).

(l) Once the Settlement Amount has been received by the Settlement Administrator, such amount shall be distributed by the Settlement Administrator as follows: (a) the sum of $2,500 to the Class Representative for his services rendered in this action (the "Service Payment") (b) one third of the Settlement Amount, minus the Service Payment, shall be paid to Class Counsel as Class Counsel's fees ("Class Counsel's Fees"), plus litigation expenses (including costs associated with the mediation; the production and mailing of the Class Notice and the fees and expenses of the Settlement Administrator) ("Class Counsel's Expenses");[3] (c) the balance shall be divided pro rata among the proposed

---

[3] Class Counsel's Expenses are estimated to be approximately $12,500.

Settlement Class Members who do not opt-out of this settlement, based on their Maximum Theoretical WARN Wage Claims[4], as shown on Exhibit A (the "Projected Net Settlement Claim Amounts").

### The Contents of the Class Notice

12. The Parties submit that the proposed Class Notice, a copy of which is attached hereto as Exhibit 2, meets the requirements of Fed. R. Civ.P. 23(c)(2)(B). That rule, in pertinent part, provides as follows:

> "The notice must clearly and concisely state in plain, easily understood language:
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

13. The proposed Class Notice satisfies each of the foregoing requirements. The Notice states the nature of the action, the Class claims, and the issues and defenses. The Notice also states that a proposed Settlement Class Member may enter an appearance through counsel and that the Settlement Agreement, when approved, will be binding on all proposed Settlement Class Members. The Notice also sets forth the terms of the proposed Settlement Agreement and the right of each proposed Settlement Class Member to opt-out or object to the proposed

---

[4] The Maximum Theoretical WARN Wage Claims are based on the limited available records and calculations of Defendants. Such amounts reflect sixty days of pay, minus any voluntary payments made by one or more Defendants on or after April 8, 2014. In any instances where a Class Member's Maximum Theoretical WARN Wage Claim was less than $1295, such amount was rounded up to $1295 so that no Class Member's Projected Net Settlement Claim Amount was less than $250.

Settlement and the time and manner for doing so. The Notice also provides the proposed Settlement Class Members with their individualized, projected Net Settlement Claim Amounts. The Notice also apprises the proposed Settlement Class, among other things, that complete information regarding the Settlement Agreement is available upon request from Class Counsel that any proposed Settlement Class Member may appear and be heard at the hearing on approval of the Settlement Agreement. In addition, the Notice informs the proposed Settlement Class Members of the request for the approval of attorneys' fees to Class Counsel. See Fed.R.Civ.P. 23(h).

## The Manner of Notice

14. As to the manner of giving notice, Fed. R. Civ.P. 23(c)(2)B) provides, in pertinent part, as follows:

> "For any class certified under Rule 23(b)(3) the Court must direct to class members the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort."

15. An individual mailing to each class members' last known address has been held to satisfy the "best notice practicable" test. *Eisen v. Carlisle & Jacquelin et al.*, 417 U.S. 156 (1974) (individual mailings satisfy Rule 23 (c)(2)).

16. The Settlement provides that Class Counsel, or the Settlement Administrator, will mail the Notice by first class mail, postage prepaid, to the Settlement Class Members at their last known addresses as set forth on Exhibit A to the Settlement, unless updated through the efforts of Class Counsel or the Settlement Administrator. The mailing and the fairness hearing will be timed so that the Class Members will have not less than 35 days from the date of the mailing to ensure that Class Counsel has received their opt-out or objection to the Settlement Agreement. The Parties submit that giving notice in this manner satisfies the "best notice practicable" test. In

the case of any returned envelopes, Class Counsel or the Settlement Administrator will forward to such corrected addresses to extent they may be obtained.

### The Court Should Preliminarily Approve the Settlement Agreement Pursuant to Fed. R. Civ. P. 23

17.  "'Review of a proposed class action settlement generally involves a two-step process: preliminary approval and a subsequent 'fairness hearing'….If the court preliminarily approves the settlement, it then must direct the preparation of notice informing class members of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing.'" *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 U.S. Dist. LEXIS 46223, at *4-5 n.1 (S.D.N.Y. June 22, 2007) (quoting *In re Initial Pub. Offering Sec. Litig.*, No. 01 Civ. 3020, 243 F.R.D. 79, 2007 U.S. Dist. LEXIS 19632, 2007 WL 656880, at *4-5 (S.D.N.Y. Feb. 28, 2007)).  At the subsequent fairness hearing, class members may formally object to the proposed settlement.  *See In re Drexel Burnham Lambert Group*, 130 B.R. 910, 924 (S.D.N.Y. 1991) ("Notice of the Settlement and hearing thereon is required so as to allow the Class members an opportunity to object to the fairness, reasonableness or adequacy of the Settlement.").

18.  "'In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.'" *In re Stock Exchs. Options Trading Antitrust Litig.*, 99 Civ. 0962 (RCC), MDL No. 1283, Master Docket No. M-21-79 (RCC), 2005 U.S. Dist. LEXIS 13734, at *16-17 (S.D.N.Y. July 8, 2005) (quoting *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).

19.     The Settlement Agreement has no obvious deficiencies and falls well within the range of reason.  Further, each of the above-cited factors favors preliminary approval of the Settlement Agreement.

20.     First, the Settlement is the result of good faith, arm's length negotiations between capable adversaries.  The Parties have been in discussions with respect to a potential compromise of the WARN Act litigation for months and both Parties are represented by counsel with extensive experience and expertise in employment and class action matters.

21.     Second, the Parties fully explored the strengths and weaknesses of the claims through informal disclosure and a formal mediation before the Honorable Diane Welsh (retired), a former United States Magistrate Judge in the Eastern District of Pennsylvania.

22.     Third, Class Counsel have collectively been appointed as class counsel in over one hundred (100) WARN Act cases.  Class Counsel has the experience and skill to both vigorously litigate WARN Act claims and to determine when and to what extent settlement is appropriate.  They have exercised that judgment in this case with respect to the Settlement Agreement.

23.     Accordingly, the Court should preliminarily approve the Settlement Agreement.

### The Court Should Finally Approve the Settlement As Fair, Reasonable And Adequate To The Settlement Class At The Fairness Hearing Pursuant To Fed. R. Civ. P. 23

24.     The Court should set a Fairness Hearing that, subject to the Court's calendar, would be held no sooner than 45 days after the mailing of the Class notice. At the Fairness Hearing, the Court should finally approve the Settlement.

25.     This Court has broad discretion in determining whether the proposed settlement should be approved. Settlement of litigation is strongly favored as a matter of public policy. *See*

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005) (citing *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998)).

26.     Appellate review of a challenge to the District Court approval of a class action settlement is limited. *See Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 246-47 (2d Cir. 2007). "A court may approve a class action settlement if it is fair, adequate, and reasonable, and not a product of collusion." *Wal-Mart Stores, Inc.*, 396 F.3d at 116-17. There is a strong judicial policy in favor of settlement in order to conserve scarce resources that would otherwise be devoted to protracted litigation. *Bennett v. Behring Corp.*, 737 F. 982, 986 (11th Cir. 1984). The trial court is entitled to rely upon the judgment of experienced counsel for the parties. The "opinion of experienced counsel carries great weight in approval of settlements." *Selby v. Principal Mut. Life Ins. Co.*, 98 Civ. 5283 (RLC), 2003 U.S. Dist. LEXIS 21138, at *18 (S.D.N.Y. Nov. 17, 2003) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). "To evaluate the substantive reasonableness of a settlement, [the Court] appl[ies] the *Grinnell* factors: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the Defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *Mba v. World Airways, Inc.*, 369 Fed. Appx. 194, 197 (2d Cir. 2010) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res.*, Inc., 209 F.3d 43, 47 (2d Cir. 2000)).

27. As set forth above, the WARN Act litigation would have been complicated, protracted and expensive. Further, both sides faced risks in light of the allegations and defenses asserted in the WARN Act Litigation. The Settlement is well within the range of reasonableness given the uncertainty of establishing liability and damages. The proposed Settlement falls within the range of reasonable litigation possibilities as there is a chance that the Defendants (if found to be liable) could be hit with a judgment of more than $200,000 and the proposed Settlement Class, if unsuccessful, could receive nothing if Defendants prevailed on their defenses. Defendants can cap their exposure, in addition to avoiding further litigation and a trial which would involve significant time and expense for both parties. The Class Representative supports the Settlement and Class Counsel believes that the bulk of the other proposed Settlement Class Members will have a favorable reaction to the Settlement and not object to it. The Settlement was reached at a mediation which was conducted in the JAMS New York City office, after the Parties exchanged position statements and other information.

28. The Settlement Agreement is therefore in the best interest of the parties.

29. Accordingly, the Parties respectfully request the Court to schedule a hearing for the final consideration and approval of the Settlement Agreement.

WHEREFORE, the Parties respectfully request that the Court enter the proposed Form of Order, attached hereto as Exhibit 3, (1) preliminarily approving the Settlement Agreement between Plaintiff, on behalf of himself and a Settlement Class, as defined in the Settlement Agreement, and the Defendant; (2) approving the form and manner of Notice to Class and the right to opt-out or object to the proposed Settlement Agreement; (3) scheduling a Fairness Hearing for the final consideration and approval of the Settlement Agreement and, ultimately,

the proposed Form of Final Order, attached hereto as Exhibit 4, finally approving the Settlement Agreement.

Respectfully submitted,

s/ Stuart J. Miller
LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
sjm@lankmill.com
132 Nassau Street, Suite 1100
New York, New York 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen
molsen@thegardnerfirm.com
M. Vance McCrary
vmccrary@thegardnerfirm.com
182 St. Francis Street, Suite 103
Post Office Drawer 3103
Mobile, Alabama 36652
P: (251) 433-8100
F: (251) 433-8181

*Attorneys For Class Representative
And The Settlement Class*

and

By: s/ Bran Noonan
AKERMAN LLP
Bran Caley Noonan
666 Fifth Avenue, 20th Floor
New York, NY 10103
212-880-3800
Fax: 212-880-8965
bran.noonan@akerman.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 5th day of April, 2019 I filed the foregoing with the Clerk of the Court, which will send a notice of electronic filing to all counsel of record using the CM/ECF system.

                                                     s/ Stuart J. Miller